UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NOT PRECEDENTIAL
_____

No. 11-2174
_____

UNITED STATES OF AMERICA

v.

ERIDIO POLANCO,
                    Appellant

Appeal from the United States District Court
for the District of New Jersey
(No.: 2-11-cr-00034-001)
District Judge: Hon. Faith S. Hochberg

Submitted Pursuant to Third Circuit LAR 34.1(a)
Thursday, April 12, 2012

Before: McKEE, *Chief Judge*, HARDIMAN, *Circuit Judge,* and *JONES, *District Judge*

(Opinion Filed: May 10, 2012)

OPINION

McKEE, *Chief Judge*.

    Eridio Polanco pled guilty to one count of distribution and possession with intent

to distribute 100 grams or more of heroin.  Polanco's counsel has since filed a motion to

withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967) and has

represented that there are no non-frivolous grounds for appeal.  Polanco has filed a *pro se*

_____

*The Honorable C. Darnell Jones, District Court Judge for the U.S. District Court for the
  Eastern District of Pennsylvania, sitting by designation.

brief in response. For the reasons that follow, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the district court.

Because we write primarily for the parties who are familiar with this case we need not set forth the facts or procedural history except to the extent that they clarify our brief discussion.

When counsel files an *Anders* brief and moves to withdraw, we must determine "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel is required "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* In conducting an independent review of the record, "we confine our scrutiny to those portions of the record identified by an adequate *Anders* brief" and "those issues raised in Appellant's *pro se* brief [if any is filed]." *Id.* at 301. After reviewing counsel's *Anders* brief, we are convinced that counsel has satisfied Rule 109.2(a)'s requirements by identifying all appealable issues and explaining why those issues are frivolous.

In his *pro se* brief, Polanco alleges that he pled guilty with the expectation that he would receive a sentence in the range of 46 to 57 months of imprisonment and that he would be eligible for a safety valve reduction. The record belies Polanco's allegations. In his application for permission to enter a plea of guilty, Polanco confirmed that he understood that he was facing a mandatory minimum of five years' imprisonment, and

2

the plea agreement clearly states that his eligibility for a safety valve reduction under U.S.S.G. § 5C1.2(a)(1) had not yet been determined at the time the agreement was entered into. Moreover, the district court reviewed the plea agreement and ascertained that Polanco understood its terms during the plea colloquy.

Polanco also contends that his counsel was ineffective for failing to explain the consequences of the plea agreement to him. "Claims of ineffective assistance of counsel generally are not entertained on direct appeal." *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). We see nothing that would compel us to make an exception to that rule here. Moreover, our review of the record reveals that there is no basis for an ineffectiveness claim. Thus, we conclude that the issues raised by Polanco are frivolous and that there are no other non-frivolous issues.

For the reasons stated above, we will grant counsel's motion to withdraw and affirm the district court's sentence.